
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6026 | **DATE** | 8/31/2004 |
| **CASE TITLE** | MARY SANDERS vs. UNUM LIFE INSURANCE COMPANY OF AMER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants' first motion in limine is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 1 1 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 AUG 31 PM 6:05 | SEP 0 1 2004 date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MARY SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 03 C 6026 |
| | ) | |
| UNUM LIFE INSURANCE COMPANY | ) | |
| OF AMERICA and THE HOUSEHOLD | ) | |
| INTERNATIONAL INC. LONG-TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

SEP 0 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff Mary Sanders, a former employee of Household International, Inc. (Household), brought this action against Unum Life Insurance Company of America (Unum) and Household's Long-Term Disability Plan, seeking recovery of disability income benefits pursuant to § 502(a)(1)(B) of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132(a)(1)(B). Defendants now bring their first motion *in limine* seeking a declaration that Unum's decision to deny plaintiff's benefits claim is entitled to deferential review under the arbitrary and capricious standard. The motion is granted.

On December 7, 1999, plaintiff stopped working at Household, allegedly due to a number of ailments, including fibromyalgia and degenerative changes in her cervical spine. Thereafter, she made a claim for benefits under Household's Long-Term Disability Plan, asserting that her condition rendered her disabled. Though Unum approved plaintiff for benefits through June 3, 2001, it later determined that she was not eligible for benefits beyond that date. Both of plaintiff's subsequent appeals of the decision were also denied. After exhausting administrative review by the claim administrator, plaintiff brought this suit in federal court. The sole question before the court is whether Unum's decision, as claim

administrator, to deny plaintiff benefits should be reviewed *de novo* or under an arbitrary and capricious standard. We find that the proper standard of review is arbitrary and capricious.

Generally, the proper standard of review for employee benefit decisions, such as denials of benefit claims challenged under 29 U.S.C. § 1132(a)(1)(B), is *de novo*. *See* Firestone Tire & Rubber v. Bruch, 489 U.S. 101, 115 (1989). However, where "the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," the arbitrary and capricious standard of review applies. *Id.* The courts look to the language of the plan to determine whether the administrator has discretionary authority. Postma v. Paul Revere Life Insurance Co., 223 F.3d 533, 538 (7th Cir. 2000).

The terms of Household's Long-Term Disability Plan are stated in its group policy. Under the terms of the policy Unum administers the plan benefits for Household, the policyholder. In a paragraph entitled, "Discretionary Authority," the plan explicitly reserves discretionary authority for Unum. The policy reads, "In making any benefits determination under this policy, the Company [previously defined in the policy as Unum] shall have the discretionary authority both to determine an employee's eligibility for benefits and to construe the terms of this policy." This language is substantially similar to the "safe harbor" language recommended by the Seventh Circuit for administrators seeking to reserve discretion. Herzeberger v. Standard Insurance Co., 205 F.3d 327, 331 (7th Cir. 2000)(stating that a plan which contains the provision, "Benefits under this plan will be paid only if the plan administrator decides in his discretion that the applicant is entitled to them," entitles its administrator to a deferential standard of review by the courts). More importantly, the language in Household's group policy clearly puts Household employees on notice that the plan's administrator determines *in its discretion* who is eligible to receive benefits. Thus, the

administrator's decision is not subject to *de novo* review, but rather review under the arbitrary and capricious standard.

Plaintiff argues that defendants' motion should be denied for two reasons. First, she maintains that the reservation of discretionary authority is a two-step process – the plan must explicitly reserve discretion for the plan sponsor and then the sponsor must delegate that authority to the decisionmaker. Plaintiff contends that, while the group policy reserves discretion for Unum, Household, the plan sponsor, never explicitly delegated discretionary authority to Unum, and thus Unum's decisions are not entitled to deferential review. Contrary to plaintiff's contention, the group policy serves to delegate administration of the plan from Household to Unum. As in Feibusch v. Integrated Device Technology, Inc., Employee Benefit Plan, No. 03-00265 (D. Hawaii, July 1, 2004), where the same argument was rejected, we find no reason to question Household's delegation of the administration of the plan to Unum through the group policy. The cases on which plaintiff relies for support are distinguishable – they involve *de novo* review of benefit decisions made by entities other than the administrators identified as the decisionmakers with discretionary authority. *See* Sanford v. Harvard Industries, Inc., 262 F.3d 590, 596 (6th Cir. 2001)(*de novo* review undertaken where benefits plan stated that a board of administration had discretionary authority when making decisions regarding benefit eligibility, but employer decided claimant was ineligible, not the board); Sharkey v. Ultramar Energy Ltd., 70 F.3d 226, 229 (2d Cir. 1995)(finding a factual issue whether an unauthorized third party and not the plan's authorized fiduciary with discretionary authority denied plan benefits); Rodriguez-Abreu v. Chase Manhattan Bank, N.A., 986 F.2d 580, 584 (1st Cir. 1993)(upheld *de novo* review of plan administrator's benefits decision because plan granted discretionary review to named plan fiduciaries and their delegates, which plan administrator was not). Because plaintiff is not arguing that Unum did not make the claim

decision, thus these cases have little relevance. Given the delegation of authority from Household to Unum through the group policy, and Unum's clear reservation of discretion when determining benefits eligibility, Unum's decision regarding plaintiff's claim is entitled to deferential review.

Plaintiff also argues against deferential review because of Unum's conflict of interest created by its role as both claims administrator and insurer. While plaintiff is right to point out that a conflict of interest "must be weighed as a 'factor in determining whether there is an abuse of discretion,'" Firestone Tire & Rubber Co., 489 U.S. at 115, the fact that an entity serves as both claims administrator and insurer does not give rise to a presumption of a serious conflict that threatens impartiality, Mers v. Marriott International Group Accidental Death and Dismemberment Plan, 144 F.3d 1014, 1020 (7th Cir. 1998). Even if there is a conflict, the Seventh Circuit has held that it does not change the standard of review from arbitrary and capricious to *de novo*, rather it becomes a factor to consider when applying the arbitrary and capricious standard. *See* O'Reilly v. Hartford Life & Accident Insurance Co., 272 F.3d 955, 960 (7th Cir. 2001); Chojnacki v. Georgia-Pacific Corp., 108 F.3d 810, 815 (7th Cir. 1997)("While a conflict of interest does not change the standard of review we apply ... [t]he more serious the conflict, the less deferential our review becomes"). Should plaintiff evidence actual bias by Unum in its decisionmaking, the court will incorporate that into its review under the arbitrary and capricious standard.

## CONCLUSION

For the foregoing reasons, defendants' first motion *in limine* is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Aug 31, 2004.