IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY SANDERS,

    Plaintiff,

vs.        No. 03 C 6026

UNUM LIFE INSURANCE COMPANY
OF AMERICA, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Unum Life Insurance Company of America (Unum) turned down plaintiff's disability claim and she sued. While this suit was pending, Unum entered into a detailed agreement, the Regulatory Settlement Agreement (RSA), with the insurance departments of 49 states, and the United States Department of Labor.[1] The RSA recites that the insurance regulators had initiated an examination to determine if defendant's claim-handling practices reflected systemic "unfair claim settlement practices." Pursuant to the RSA, defendant agreed to a review process to reassess denied claims, to change claim procedures, to continuing oversight, and to payment of a $15,000,000 fine.

Plaintiff elected to participate in the reassessment, a decision motivated perhaps, at least in part, by the fact that the Social Security Administration had found her disabled – a determination that the RSA required be given "significant weight" (B.2.b.3). According to the affidavit of plaintiff's counsel, defendant mailed the forms to plaintiff on August 16, 2006; she filled them out on August 30, 2006; she sent them to her counsel on September 15, 2006;

---

[1] New York entered into a separate agreement. The RSA also included the District of Columbia and American Samoa.

and counsel sent the forms to defendant, with a covering letter, on September 22, 2006. The exhibits accompanying the motion are consistent with that chronology. The deadline for returning the forms was, according to defendant, October 16, 2006. It had earlier advised plaintiff that reassessment would take 4 to 12 weeks. About 7½ weeks after plaintiff's counsel sent in the forms, or on November 13, 2006, plaintiff's counsel called the claim reassessment unit for an update. She was told that it did not see any forms. Counsel immediately faxed copies of the forms. After some further communications defendant refused to reassess plaintiff's claim, contending that it was too late.

No one disputes that the forms were mailed to defendant in a timely fashion. It is unknown whether the failure to record their receipt was due to a failure of the postal service to deliver or a breakdown in the defendant's mailroom, or elsewhere in its organization. Plaintiff asks us to direct defendant to carry out the reassessment requested, relying upon the mailbox rule. That rule, a judicial creation, holds that an acceptance is effective when mailed, or that timely mailing raises a rebuttable presumption that the documents were received in the usual time. *See* Kuchar v. The AT&T Pension Benefit Plan-Midwest Program, 2007 U.S. Dist. LEXIS 18141 (N.D.Ill.); Barry v. Videojet Systems International, Inc., 1995 U.S. Dist. LEXIS 13421. One of the two variations of the rule normally applies, and the application of either would result in the request for reassessment being timely.

But the lawsuit here is to enforce ERISA rights, and it was stayed for a time in order that plaintiff could pursue an alternate route. Perhaps plaintiff can seek enforcement of the RSA in this court through some third party beneficiary theory, but that is not part of the pleadings and it has not been explored. We cannot order the relief plaintiff seeks. Defendant's refusal to honor the reassessment request appears, nevertheless, to be a transparent effort to

avoid its obligations under the RSA. In circumstances requiring defendant to pay a hefty fine and transform its procedures, it is indeed troubling that defendant should take such an arbitrary position with respect to what may well be a meritorious claim. But others are in a position to compel compliance with the RSA. We suggest to plaintiff that she furnish a copy of this opinion to the Regulatory Compliance Unit, the Department of Labor, the Lead Regulators and the Illinois Insurance Department. In the meantime, we will continue to wait.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 14, 2007.